LOUIS MACB. HUBBARD, Plaintiff, *v.* MICHAEL SCHIAVONE, Defendant.

Supreme Court, New York County, April 12, 1930.

*J. W. Young,* for the plaintiff.

*Gregory, Stewart & Montgomery,* for the defendant.

LEVY, J.   The fourth cause of action seeks to recover as damages the alleged reasonable rent for the period required to place the demised premises in habitable condition.   There is no allegation, however, that they were in habitable condition at the time of the lease to the defendant.   The averment that the defendant failed to leave the property " in as good a condition as he received the same " is entirely consistent with the possibility that it was not fit for occupancy when he leased it.   Nor may the plaintiff take the position that it was incumbent upon the defendant to surrender the premises in good repair even though they may not have been in that condition at the time of the demise.   Exhibit " B," fairly construed, required the lessee to do no more than leave them " in as good condition *as they are now in,* reasonable use and wear thereof and damage by the elements excepted."   (Italics mine.) It may well be, as far as the allegations of the fourth cause of action go, that the defendant received the property in an uninhabitable state and returned it in worse condition.   This might perhaps entitle the plaintiff to recover as damages the sum necessary to restore the premises to their former state.   That, however, is the

basis of the third cause of action. The fourth cause proceeds solely upon the theory that the plaintiff may demand from the defendant the reasonable rent for the period required to make the property habitable. As there is no allegation that it was habitable at the time of the lease, the fourth cause is insufficient in law.

As to the fifth cause of action, it seems to me that its allegations do not sufficiently indicate that the special damages sought were within the contemplation of the parties.

The motion is accordingly granted to the extent of striking out the fourth and fifth causes of action, and otherwise denied, with leave to the plaintiff to plead over within twenty days upon payment of ten dollars costs within like period.